ETHRIDGE, Chief Justice:
These seven cases, consolidated for trial in the Circuit Court of Washington County and in this Court, are the product of a tragic collision between two automobiles in Lamar County on May 4, 1968. The plaintiffs-appellants were riding in a Chevrolet automobile driven by Mrs. Lurenie L. Madden, which collided with a Cadillac driven by defendant-appellee, Thomas R. Pittman. Mrs. Lurenie L. Madden was driving her car with six other members of her family as passengers. She and Michael Ray Madden, nine months of age, were killed in the collision. The other five occupants of the Madden car were injured. These seven suits were filed, two under the wrongful death statute and the other five for damages for personal injuries. The venue was changed to Pittman’s residence in Washington County.
The collision occurred around 11:15 A.M. Visibility was good but somewhat hazy, and the pavement was dry. Mrs. Madden was driving east on Oak Grove Road in Lamar County toward Hattiesburg. She drove her Chevrolet around a curve to her left when she met the Cadillac driven by Pittman. It was traveling west around a curve to his right. Both cars were driving within the legal speed limit, 40-45 miles an hour. Pittman, headed west, had come off a fifty-foot bridge and moved about fifteen feet west of the bridge when, he and his wife testified, the two motor vehicles collided north of the center line of this twenty- *692 foot wide road. Mr. and Mrs. Pittman both said that he was as near the edge of the bridge as he could get when the Madden vehicle, headed east on its turn, suddenly cut into the left front and side of the Pittman car. The left front tire of the Pittman car was blown out, and at that point there was a deep gouge in the asphalt pavement. The tracks of the Cadillac began twenty feet west of the bridge and from that point made a clearly defined curve southward to the south side of the highway and into a ditch. These tracks were seven feet three inches from the north side of the road, twelve feet nine inches from the south side, or two feet nine inches north of the center line.
On the other hand, three occupants of the Madden car testified that the Pittman vehicle cut over on their side of the road and hit the left front and side of the Madden car, thrusting it into the side of the bridge.
The sole issue of fact in the case involves determination of the point of collision between the two cars on the highway. The great weight of the evidence supports the jury’s verdict finding that the Madden Chevrolet cut across the center line of the road into the Pittman Cadillac’s lane of traffic and hit the Pittman car north of the center line of the highway, on the side properly occupied by the Pittman automobile. The testimony of Mr. and Mrs. Pittman, the location of the gouge mark in the highway, and the tracks of the Cadillac to their termination in the ditch support the jury’s finding that the sole proximate cause of this tragic collision was the negligence of Mrs. Lurenie Madden in driving her Chevrolet into the path of the Pittman car.
The jury was properly instructed on the law. There was no error in admitting into evidence for defendant the color photograph of the Pittman Cadillac in the storage yard. Plaintiffs introduced a photograph of the same car in the same yard, and any divergencies between these photographs as to the position of the left front wheel and tire were explored in detail on examination of the witnesses.
Affirmed.
RODGERS, BRADY, INZER and ROBERTSON, TT., concur.